UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025 | |
| **MARK SMOJICE** and **ALBERT LIVINGSTON**, Individually, as Personal Representatives of the Estate of **EVERLY LIVINGSTON**, deceased, and on behalf of all Surviving Beneficiaries,<br><br>Plaintiffs,<br><br>-v.-<br><br>AMERICAN AIRLINES INC.<br>1 Skyview Dr.<br>Fort Worth, TX 76155<br><br>PSA AIRLINES, INC.<br>1 Terminal Dr.<br>Middletown, PA 17057<br><br>UNITED STATES OF AMERICA,<br>Pamela Bondi, in her official capacity as U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530-0001<br><br>Defendants. | Lead Case No: 1:25-cv-03382-ACR<br><br>**SHORT FORM COMPLAINT** |

Plaintiffs MARK SMOJICE and ALBERT STERLING LIVINGSTON, Individually, as Personal Representatives of the Estate of EVERLY LIVINGSTON, deceased, and on behalf of all Surviving Beneficiaries, respectfully allege as follows:

1

1. Plaintiffs refer to and incorporate herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025, as though fully set forth herein. Plaintiffs adopt the Master Complaint and agree to be bound by any rulings with respect to the pleadings of the Master Complaint.

2. Plaintiffs adopt each of the general allegations of the Master Complaint except for those paragraph numbers set for here, if any: N/A.

## **CLAIMS AGAINST DEFENDANTS**

3. Plaintiffs bring those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

☒ AMERICAN AIRLINES, INC.

☒ PSA AIRLINES, INC.

☒ UNITED STATES OF AMERICA

4. Plaintiffs incorporate by reference each of the Causes of Action in the Master Complaint checked below:

*As against AMERICAN AIRLINES, INC.:*

☒ First Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒ Second Cause of Action for Survival Based Upon Common Carrier Duty

☒ Third Cause of Action for Wrongful Death Based Upon Negligence

☒ Fourth Cause of Action for Survival Based Upon Negligence

*As against PSA AIRLINES, INC.:*

☒ Fifth Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒ Sixth Cause of Action for Survival Based Upon Common Carrier Duty

☒ Seventh Cause of Action for Wrongful Death Based Upon Negligence

☒ Eighth Cause of Action for Survival Based Upon Negligence

*As against UNITED STATES OF AMERICA:*

☒ Ninth Cause of Action for Wrongful Death Based Upon Negligence

☒ Tenth Cause of Action for Survival Based Upon Negligence

## **PLAINTIFFS' INFORMATION:**

5. Decedent, EVERLY LIVINGSTON, is an individual who was killed in the crash of American Eagle Flight 5342 ("AE 5342") on January 29, 2025.

6. EVERLY LIVINGSTON resided in Virginia.

7. Plaintiff MARK SMOJICE is a resident of South Carolina and was the uncle of EVERLY LIVINGSTON, deceased.

8. Plaintiff ALBERT LIVINGSTON is a resident of Florida and was the uncle of EVERLY LIVINGSTON, deceased.

9. Plaintiffs ALBERT LIVINGSTON and MARK SMOJICE bring this lawsuit individually on their own behalf and as Personal Representatives of the Estate of EVERLY LIVINGSTON, deceased, and on behalf of all surviving beneficiaries.

10. On or about APRIL 28, 2025, the Clerk of the Circuit Court of Loudoun County, Virginia, issued an order appointing MARK SMOJICE and ALBERT LIVINGSTON as Personal Representatives of the Estate of EVERLY LIVINGSTON. Therefore, they have standing to assert both wrongful death and survival claims on behalf of all beneficiaries of EVERLY LIVINGSTON and bring this lawsuit in their representative capacity.

## PLAINTIFFS' ADMINISTRTIVE CLAIM

11.    On or about May 23, 2025, Plaintiffs MARK SMOJICE and ALBERT LIVINGSTON, on behalf of themselves, the Estate of EVERLY LIVINGSTON, deceased, and all surviving beneficiaries, as well as all individual claimants, served their initial administrative claims upon the FAA.

12.    On or about May 23, 2025, Plaintiffs MARK SMOJICE and ALBERT LIVINGSTON, on behalf of themselves, the Estate of EVERLY LIVINGSTON, deceased, and on behalf of all surviving beneficiaries, as well as all individual claimants, served their initial administrative claims upon the United States Army ("Army").

13.    The USA:

☐    did not serve any formal response either accepting or denying any of the aforementioned claims within six months of filing, as set forth in 28 U.S.C. § 2675(a). This therefore constitutes a final denial of the claims entitling Plaintiff to file this complaint pursuant to 28 U.S.C. § 2675(a).

and/or

☒    the FAA denied Plaintiff's claims on November 10, 2025, on behalf of both the FAA and United States Army ("Army").

## PLAINTIFFS' DAMAGES

14.    Plaintiffs request all available wrongful death and survival economic and non-economic damages in an amount according to proof at trial, including but not limited to the following:

- ☒ DECEDENT's unusual G-forces, physical injuries, conscious pain and suffering, mental anguish, emotional distress, fear of impending death, and other injuries and damages that ultimately caused her death;
- ☒ the loss of the gross earning power of the DECEDENT;
- ☒ the loss of the full value of the life of the DECEDENT;
- ☒ loss of the parental and/or familial relationship arising from the death of the DECEDENT;
- ☒ the loss of financial support and contribution of the DECEDENT;
- ☒ loss of services;
- ☒ loss of inheritance;
- ☒ loss of accumulations;
- ☒ full pecuniary loss of the DECEDENT;
- ☒ loss of past and future income, support, society, love, grief, consortium, solatium, services, guidance, care, comfort, and companionship of the DECEDENT;
- ☒ loss of life's pleasures;
- ☒ loss of enjoyment of life of the DECEDENT;
- ☒ mental anguish and mental pain and suffering that the heirs, beneficiaries and distributees of the DECEDENT's Estate were caused to incur;
- ☒ other necessary and reasonable expenses as a result of the DECEDENT's death;
- ☒ attorneys' fees, costs and other damages permitted under applicable laws;

☒ pre- and post-judgment interest on all damages as allowed by law;

☒ all costs of suit herein;

☒ such other and further relief as the Court shall deem just and proper;

☒ Other (specify):

## ADDITIONAL ALLEGATIONS, IF ANY

15. EVERLY LIVINGSTON was only 14 years old at the time of her death. Everly was a bright student and a nationally recognized competitive figure skater with a goal of competing in the Olympics. Everly had been in Wichita participating in the U.S. Skating National Development Camp, and was traveling home aboard AE 5342 with her mother and father, Peter and Donna Livingston, and sister, Alydia Livingston, all of whom died in this tragic mid-air collision and crash.

Everly was a caring and loving granddaughter and niece. She is survived by her grandparents, Sterling Christopher "Chris" Livingston, Martha Livingston and Mary Smojice, as well as her uncles and aunt, Plaintiffs MARK SMOJICE and ALBERT LIVINGSTON, and Sarah Kinzer. Everly leaves behind numerous family members, friends and fellow members of the skating community who deeply mourn her loss.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: December 1, 2025

        **KREINDLER & KREINDLER LLP**

        By: */s/ Brian J. Alexander*
            Brian J. Alexander
            (Bar ID: NY0679)

Justin T. Green
(Bar ID: NY0692)
Anthony Tarricone
(Bar ID: 492480)
Daniel O. Rose
(applicant *pro hac vice*)
Vincent C. Lesch
(Bar ID: NY0675)
Evan Katin-Borland
(Bar ID: NY0674)
Erin R. Applebaum
(Applicant *pro hac vice*)
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 687-8181
balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com